ALEX G. TSE (CABN 152348)
United States Attorney
BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division
KAREN BEAUSEY (CABN 155258)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-6598
FAX: (415) 436-7234
Karen.Beausey@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. |
| Plaintiff, | |
| v. | **VERIFIED COMPLAINT FOR FORFEITURE *IN REM*** |
| ONE SPRINGFIELD XD .40 CALIBER HANDGUN SN: XD469962; AND OTHER ITEMS, | |
| Defendant. | |

The United States of America, by its attorneys, Alex G. Tse, United States Attorney, and Karen Beausey, Assistant United States Attorney for the Northern District of California, brings this complaint and alleges as follows:

**NATURE OF THE ACTION**

1. This is a judicial forfeiture action, as authorized by Title 21, United States Code, Section § 881(a)(6), and Title 18, United States Code, Section 924(d)(1), involving the seizure and forfeiture to the use and benefit of the United States of America the following property:

1

One (1) Springfield XD .40 Caliber Handgun bearing serial number XD469962;
One (1) .40 Caliber Magazine;
Eight (8) Rounds of .40 Caliber Ammunition; and
One .40 Caliber Extended Magazine;

each having been seized by law enforcement officers from Oscar Rene Noguera Baeza on or about February 15, 2018 in Concord, California (hereinafter, "Defendant Property"), each as a firearm involved in a knowing violation of 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and each as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a violation of 21 U.S.C. §§ 841 and/or 846, and having been used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances or proceeds traceable to controlled substances, and thereby forfeitable pursuant to 18 U.S.C. § 924(d)(1) and 21 U.S.C. §§ 881(a)(6) and (a)(11).

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355, and 21 U.S.C. § 881.

3. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395 because the acts or omissions giving rise to the forfeiture occurred in this district and the Defendant Property is located in this district.

4. Intra-district venue is proper in the San Francisco within the Northern District of California.

## PARTIES

5. Plaintiff is the United States of America.

6. The Defendant Property consists of the following described property:

One (1) Springfield XD .40 Caliber Handgun bearing serial number XD469962;
One (1) .40 Caliber Magazine;
Eight (8) Rounds of .40 Caliber Ammunition; and
One .40 Caliber Extended Magazine;

all having been seized by law enforcement officers from Oscar Rene Noguera Baeza on or about February 15, 2018 in Concord, California and currently in the custody of the DEA.

## FACTS

7. On February 15, 2018, agents met with a Confidential Source ("CS") at a neutral location in Concord, California, in anticipation of a controlled buy of cocaine. The CS telephonically contacted an individual known to the CS as "Jay" (and who had been previously identified by law enforcement as Oscar BAEZA) at (408) 791-0731, a number BAEZA had previously provided the CS to contact him for purposes of purchasing drugs. This call followed earlier communication between the CS and BAEZA during which BAEZA indicated that he had cocaine available for sale to the CS. BAEZA agreed to provide the CS with four ounces of cocaine for $4,100.00. BAEZA instructed the CS to meet him at a shopping center parking lot in Concord, California at a predetermined time.

8. On the afternoon of February 15, 2018, in anticipation of the drug transaction, law enforcement agents followed BAEZA to his residence at 1897 Lynwood Drive, Apartment C, Concord, California, and observed him enter the residence. A short while later agents observed a white Toyota Tacoma pickup truck bearing California license 8S1 7102 (Registered Owner: Donna Leach or Scott Leach; Address: 2226 Jacqueline Drive, Pittsburg, CA) arrive at the residence. They observed Mark Leach (who had previously been identified in the investigation) exit the vehicle and enter the residence. Agents then observed Mark Leach and a person later confirmed to be BAEZA leave the residence and enter the Toyota Tacoma, which then drove away from the residence. Agents followed the Tacoma and observed that it drove to the shopping center parking lot in Concord, California where BAEZA had previously instructed the CS to meet for the cocaine transaction.

9. Prior to the CS leaving the neutral location to conduct the anticipated cocaine transaction, the CS and the CS's vehicle were searched by agents, who found no contraband. The CS was provided with $4,000 in DEA operational funds and a recording device.

10. At approximately 3:20 p.m., agents observed the Toyota Tacoma enter the shopping center parking. A few moments later, agents observed the CS approach the Toyota Tacoma on the passenger side of the vehicle and make contact with BAEZA, who was seated in the front passenger seat of the Tacoma. A few moments later, the CS was observed by agents leaving the Toyota Tacoma and returning to his own vehicle. The CS then departed the meeting location, followed by controlling agents, and drove to a neutral location where he was debriefed by agents.

11. The CS stated that BAEZA provided him/her with a bag containing what the CS observed and believed to be four ounces of cocaine. The CS stated he/she gave BAEZA the $4,000 in DEA operational funds in exchange for what he/she believed to be the four ounces of cocaine. BAEZA did not count the money the CS had just paid for the drugs in his/her presence, and did not appear to realize that the CS had paid him $4,000 instead of the $4,100 amount previously quoted. The CS provided agents with the bag containing the suspected cocaine that BAEZA had handed him/her, and the recording device. The CS and the CS's vehicle were also searched by agents who found no contraband.

12. Following the controlled purchase of suspected cocaine, law enforcement followed the Toyota Tacoma and conducted a traffic enforcement stop of the vehicle. The driver of the vehicle was identified as Mark Leach and the passenger of the vehicle was identified as BAEZA. Cash bills were observed at BAEZA's feet, which law enforcement later confirmed included the DEA operational funds that had just been used in the controlled purchase operation. All $4,000 provided by the CS to BAEZA moments earlier was recovered in close proximity to BAEZA inside the vehicle.

13. The suspected cocaine obtained by the CS from BAEZA was field tested by Concord Police Officers and tested positive for cocaine.

14. On February 15, 2018, following the controlled purchase of cocaine from BAEZA, law enforcement officers obtained a search warrant for BAEZA's residence, located at 1897 Lynwood Drive, Apartment C, Concord, California. Investigators determined that BAEZ, his romantic partner

4

Jessica Bales, and a juvenile male, lived in the apartment. No one was present at the time of the search. Execution of the search warrant revealed the Defendant Property located in a dresser located in the master bedroom where BAEZA and Bales slept. Also found in the dresser were approximately 76.9 grams of suspected cocaine, and an identification card, social security card, and driver's license for BAEZA.

15. BAEZA is a convicted felon prohibited from possessing firearms.

16. On February 16, 2018, BAEZA was charged via complaint in United States District Court for the Northern District of California, with Possession of Cocaine with the Intent to Distribute in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C). 4-18-70194 MAG.

17. Jessica Bales subsequently stated to investigators that she did not own the Defendant Property.

**CLAIM FOR RELIEF**

18. The United States incorporates by reference the allegations in paragraphs 1 through 17 as though fully set forth herein.

19. Title 18, United States Code, Section 922(g)(1) makes it "unlawful for any person ... who has been convicted in any court of ... a crime punishable by imprisonment for a term exceeding one year…to…possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

20. Title 18, United States Code, Section 924(d)(1) specifies that any firearm and ammunition involved or used in any knowing violation of 18 U.S.C. § 922(g)(1) shall be subject to seizure and forfeiture.

21. Title 21, United States Code, Section 841(a) prohibits the manufacture, distribution, or dispensing, and possession with the intent to distribute a controlled substance.

22. Title 21, United States Code, Sections 881(a)(6) and (a)(11), provide, in part, for the

forfeiture of all moneys, securities or other things of value furnished or intended to be furnished to a person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Chapter 13, Subchapter I, including violations of Title 21, United States Code, Sections 841(a) and 846, and any firearms used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances or proceeds traceable to controlled substances.

23. In light of the foregoing, and considering the totality of the circumstances, there is probable cause to believe that the Defendant Property represents proceeds traceable to money, securities or other things of value furnished to a person in exchange for a controlled substance, and/or was used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances or proceeds traceable to controlled substances, in violation of Title 21, United States Code, Sections 841(a) and 846, and thus subject to forfeiture under Title 21, United States Code, Sections 881(a)(6) and (a)(11).

24. In light of the foregoing, and considering the totality of the circumstances, there is also probable cause to believe that the Defendant Property was involved in a knowing violation of Title 18, United States Code, Section 922(g)(1), and thus subject to forfeiture under Title 18, United States Code, Section § 924(d)(1).

WHEREFORE, plaintiff United States of America requests that due process issue to enforce the forfeiture of the Defendant Property; that notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; and that judgment of forfeiture be entered; that the Court

///

///

///

///

6

enter judgment forfeiting the Defendant Property; and that the United States be awarded such other relief as may be proper and just.

DATED: August 16, 2018

Respectfully submitted,

ALEX G. TSE
United States Attorney

_____
KAREN BEAUSEY
Assistant United States Attorney

## VERIFICATION

I, Drug Enforcement Administration Task Force Officer Kevin Mansourian, state as follows:

1. I am a Task Force Officer with the Drug Enforcement Administration. I am a case agent assigned to this case. As such, I am familiar with the facts and the investigation leading to the filing of this Complaint for Forfeiture.

2. I have read the Complaint and believe the allegations contained therein to be true.

\* \* \* \* \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 16 day of August, 2018, in Oakland, California.

_____
Task Force Officer Kevin Mansourian
Drug Enforcement Administration

8

JS-CAND 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
AUSA Karen Beausey
450 Golden Gate Ave. 9th Fl.
San Francisco, CA 94102

### DEFENDANTS
ONE SPRINGFIELD XD .40 CALIBER HANDGUN SN: XD469962; AND OTHER ITEMS

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | **IMMIGRATION** | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury -Medical Malpractice | | 462 Naturalization Application | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/Exchange |
| 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 465 Other Immigration Actions | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | 440 Other Civil Rights | **HABEAS CORPUS** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 220 Foreclosure | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 896 Arbitration |
| 240 Torts to Land | 445 Amer. w/Disabilities–Employment | 535 Death Penalty | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 446 Amer. w/Disabilities–Other | **OTHER** | | | 950 Constitutionality of State Statutes |
| 290 All Other Real Property | 448 Education | 540 Mandamus & Other | | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee–Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Section 924(d)(1)
Brief description of cause:
Drug Related Forfeiture

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, Fed. R. Civ. P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S), IF ANY *(See instructions)*:
JUDGE
DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)*
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE
- [ ] EUREKA-MCKINLEYVILLE

DATE 8/16/18
SIGNATURE OF ATTORNEY OF RECORD